# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| FAMILY DOLLAR STORES OF MICHIGAN, LLC | ) ) ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dennis Credit. As alleged with greater particularity in paragraph 13 below, the Commission alleges that Defendant, Family Dollar Stores of Michigan, LLC, violated the Americans with Disabilities Act by failing to employ Credit because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant, Family Dollar Stores of Michigan, LLC, the "Employer"), has continuously been a corporation doing business in the State of Michigan and the City of Detroit and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Dennis Credit filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.     On May 21, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission

in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On June 27, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. In January and February 2017, Defendant Employer engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

  a. Dennis Credit is an individual with a disability. Credit has paralysis in his left arm, which causes him to wear an arm brace. This condition affects his physiological functioning.

  b. In January 2017, Credit applied to work for Family Dollar at a store in Detroit, Michigan as a Customer Service Representative. After interviewing with three managers, the store manager told Credit that he was hired but it would be a few weeks before he could start working.

  c. However, Credit was never scheduled to work. In February 2017, Credit was told that he was being terminated due to budget cuts.

  d. Instead of scheduling Credit to work, Defendant hired other non-disabled individuals to work as Customer Service Representatives at this same store.

  e. Defendant violated the ADA by failing to employ Credit because of his disability.

14. The unlawful employment practices complained of in paragraph 13 above were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Credit.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to hire qualified employees with disabilities.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Credit whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate

the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

    D.    Order Defendant Employer to make whole Credit by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Credit by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Credit punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                              EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION

                              KENNETH L. BIRD
                              Regional Attorney

                              OMAR WEAVER
                              Supervisory Trial Attorney

Dated: September 27, 2018       s/ Nedra Campbell
                              NEDRA D. CAMPBELL (P58768)
                              Trial Attorney
                              DETROIT FIELD OFFICE
                              Patrick V. McNamara Federal
                              477 Michigan Ave, Room 865
                              Detroit, Michigan 48226
                              (313) 226-3410
                              nedra.campbell@eeoc.gov